**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANE EMORY,

     Plaintiff,                            Case No.:

v.

FREIGHTCENTER INC.,

     Defendant.

---

### COMPLAINT & DEMAND FOR JURY TRIAL

---

Plaintiff, SHANE EMORY, brings this lawsuit against the above captioned Defendant, FREIGHTCENTER INC. for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation for all hours worked over forty hours in each work week, and underpayment of overtime compensation.

### *Introduction*

1.  As explained herein, an employer violates the FLSA when it does not pay overtime compensation to any employee who is non-exempt, or underpays an employee less than the required premium for all overtime hours worked over 40 in each workweek.

2.  It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

3.   There is no exemption found in the FLSA applicable in this case, but to the extent one is asserted by the Defendant, it "must establish [it through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4.   Plaintiff was at all times relevant treated by the Defendant as a Non-Exempt employee under the FLSA; meaning they treated him as entitled to overtime wages.

5.   Plaintiff regularly worked in excess of 40 hours per week and was not paid an overtime premium for all of the overtime hours worked.  He has suffered damages as a consequence.

## *The Parties*

6.   Plaintiff is a Florida resident who began working for Defendant within the meaning of the FLSA from July 2018 through April, 2019.

7.   Defendant, FREIGHTCENTER INC. is a Florida, FOR PROFIT corporation, with a principal address of 34125 US HIGHWAY 19 N, Suite #300, Palm Harbor, FL 34689.

8.   Defendant identifies its registered agent as Matthew Brosious, and Defendant may be served at the Corporate address, which is also the address for service of legal papers for its registered agent.

## *Jurisdiction*

9.   The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act

10. This Court has personal jurisdiction over Defendant because it is a company organized under the laws of Florida, and also operates continuous business inside the State of Florida.

11.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, specifically in Palm Harbor, Florida.

### *Plaintiff's Job*

12. Plaintiff worked as an inside sales representative for Defendant, under the title of Truckload Sales Representative.

13. Defendant is a company engaged in interstate commerce arranging for shipment and transportation of products and goods for businesses and corporations.

14. Plaintiff's job duties included sales related work and arrangement of transportation of freight.

15. Plaintiff did not manage or supervise other employees.

16. From the beginning, Plaintiff was encouraged and pressured to work as many hours as necessary to make sales and increase revenue for Defendant, and to do what was necessary to satisfy customers.

17. Working overtime hours was necessary component of the Truckload sales representative positions, and necessary for Plaintiff to complete his job duties and meet expected sales quotas and goals set by Defendant.

18. Plaintiff began his employment with Defendant in July 2018, and worked until April, 2019.

19. Plaintiff was paid on an hourly pay basis plus he was entitled to received weekly commissions on sales made.

20. Throughout Plaintiff's employment, Plaintiff regularly worked in excess of 40 hours each week, and was paid a premium for most of these hours until on or about

January 15, 2019 when Defendant instituted a policy which prevented Plaintiff from logging in all his work hours.

21. Evidence reflecting the much of the number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of the Defendant up through December 2018.

22. Defendant's payroll records demonstrate the Plaintiff was incorrectly paid only paid time and one half is base hourly rate, and not time and one half his regular rate of pay; in other words, Defendant willfully refused and failed to include the commissions earned each week in the regular rate of pay determination.

23. Plaintiff brought this underpayment to the attention of Defendant on or about May, 2019, however Defendant has refused to respond and the wages owed remain outstanding.

24. Additional records of Defendant may substantiate work performed by the Plaintiff in excess of 40 hours in a workweek after December 2018.

25. However, these records are not entirely accurate because Defendant failed to record and track any of actual the hours the Plaintiff worked.

26. If these records are unavailable or unreliable, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

27. Indeed, Section 211(c) of the FLSA requires employers to "make, keep and preserve records" of employees' "wages, hours, and other conditions and practices of employment." *Id.*; 29 C.F.R. § 516(1). Although there is no private cause of action against an employer for noncompliance with recordkeeping obligations, improper recordkeeping practices may have a significant evidentiary impact in FLSA cases. Where

an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). The plaintiff may establish "a just and reasonable inference" as to the uncompensated work performed. *Anderson*, 328 U.S. at 687-88  This can be done by a plaintiff's own testimony as to their regular work habits. Once the plaintiff has offered testimony or evince of uncompensated labor, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

### ***Defendants Bad Faith in Stealing Wages***

28. Defendant's failure to pay overtime compensation at time and one half the regular rate of pay, and intentionally excluding commissions in the regular rate was a knowing and willful violation of the FLSA, or alternatively at a minimum, demonstrated a reckless disregard for the requirements of the FLSA.

29. Defendant *knew* that the position or job of the Truckload sales representative required Plaintiff to work more than 40 hours routinely to meet customer needs, meet production goals or quotas, and to meet all company expections.

30. Plaintiff was required to handle customer related questions and issues when he was not at the office on the clock, but, effective January 15, 2019, Defendant announced that it would no longer pay Plaintiff for all these necessary work hours.

31. Plaintiff was thus forced to and permitted to suffer to work off the clock and without being paid a premium for all the work hours; if he failed to perform this additional work he would have been subject to discipline, and customers would have been upset and sales would have been lost or freight would have been mishandled causing harm to Defendant.

32. Plaintiff was required to use his cell phone and respond to emails outside of regular work hours when customers had issues and sales communications were required.

33. Thus, effective January 2019, Defendant instituted a De Facto policy of sales representatives being told that they only would pay for work hours at the office, and in the evenings or on weekends.

34. Defendant *was aware* of the FLSA overtime wage requirements and that it was subject to the FLSA.

35. Defendant mislead and misinformed Plaintiff on the correct overtime wages he was entitled to, and thus he was unaware the overtime wages that Defendant did pay to him were incorrect and were underpaid.

36. Upon information and belief, Defendant did not check with legal counsel to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

37. Upon information and belief, Defendant did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

38. Accordingly, Plaintiff is entitled to recover all underpaid overtime wages due from overtime hours worked for which compensation was paid, plus payment of all off

the clock work overtime hours incurred, plus an equal sim in liquidated damages, and attorneys' fees.

39. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

### *Coverage under the FLSA*

40.    Defendant qualifies for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendant is subject to the FLSA.

41.    During the times relevant to this Complaint, Defendant employed more than two employees and has generated more than $500,000 in revenues in each of the three years that precede the filing of the action.

42.    Plaintiff's work also involved interstate commerce, moving goods interstate and even internationally.

43.    At all relevant times Defendant have been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

44.    Defendant employed Plaintiff as an employee within the meaning of the FLSA § 203.


**COUNT 1**
**Overtime Due Under the FLSA**
**29 U.S.C. § 207**
**(As to All Defendants)**

45. Plaintiff re-alleges paragraphs 1-45 as if fully set forth in this Count.

46. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime pay requirements, liquidated damages, interest, and reasonable attorneys' fees and costs of this action.

47. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.  Further, Defendant knew of some or all of the hours Plaintiff worked, and was aware that he was working overtime hours routinely.

48. As started herein, Plaintiff was entitled to overtime compensation at a rate no less than time and a half (1.5) his regular rate of pay for hours he worked beyond 40 in any given workweek; and that the regular rate of pay pursuant to the FLSA required that commissions be included in the calculation.

49. Plaintiff routinely worked more than 40 hours per week throughout his employment, and Defendant was aware that working more than 40 hours, and handling calls and emails outside the standard work schedule was a necessary component of the sales position.

50. Defendant did not pay Plaintiff for all overtime hours worked over forty in each given workweek,  as effective January 15, 2019 Defendant refused to compensate Plaintiff for all work hours but permitted Plaintiff to suffer to work off the clock for these necessary work hours.

51. Defendant's failure to pay Plaintiff overtime compensation at any rate, including, the default rate of time and a half (1.5) his regular rate of pay for all hours over forty (40) in a given workweek is a violation of the FLSA, in particular 29 U.S.C. § 207.

52. Similarly, Defendant's willful refusal to include commissions in the regular rate calculation resulted in Plaintiff being underpaid overtime wages throughout his employment.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Due to Defendant's' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the underpaid and unpaid overtime compensation owed, and an additional equal sum as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and expenses of this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff prays for the following relief:

    a. A judgment in the Plaintiff's favor and against the Defendant for violating the FLSA;

    b. That the Court finds the Defendant has violated the overtime compensation provisions of the FLSA and that the Court finds that Defendant's violation of the FLSA was and is willful, without good faith basis, and with reckless disregard for the law;

    c. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours  in any given workweek at rates of one and one-half times (1.5) his regular rate of pay, plus an equal sum in liquidated damages; in addition to attorneys' fees and costs under § 216 of the FLSA;

## ***JURY DEMAND***

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

*Respectfully submitted this 12th day of June, 2019 by:*

> /s/Mitchell L. Feldman                          .
> Mitchell L. Feldman, Esquire
> FBN:  080349
> Feldman Legal Group
> 6940 W. Linebaugh Avenue, #101
> Tampa, FL 33625
> T: 813 639-9366
> F: 813 639 9376
> Email:  mlf@feldmanlegal.us
> Secondary: mhockensmith@feldmanlegal.us
> *Attorney for Plaintiff*